```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Stephen Bain,                    :
      Petitioner,           :
                               :
   v.                            :       File No. 2:06-CV-59
                               :
Robert Hofmann,                  :
      Respondent.           :

    <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
        (Papers 14, 15, 16, 19 and 22)

Petitioner Stephen Bain, a Vermont inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Bain contends that although a court recommended in 1998 that he serve his state sentence at a prison work camp, he was denied work camp eligibility due to a disability.  He further argues that, under Vermont law, the denial of access to a work camp entitled him to good time credits as though he had been a work camp participant.  Bain claims that he has not been granted the good time credits to which he is entitled, and that his current incarceration is unlawful.  Bain brings his § 2254 petition citing Vermont law and the Americans with Disabilities Act.

    The respondent has moved to dismiss, arguing that Bain's claims are barred by *res judicata*.  In his motion, the respondent notes that Bain has raised these same

claims unsuccessfully in the state courts. Because *res judicata* does not bar a § 2254 petition, I recommend that the motion to dismiss (Paper 15) be DENIED.

Also pending before the Court are Bain's motion for appointment of counsel (Paper 14), his motion to show good cause for production of discoverable materials (Paper 16), and his two motions to amend the petition (Papers 19 and 22). For the reasons set forth below, the latest motion to amend is GRANTED, and all other motions are DENIED.

### Factual Background

In August, 1998, Bain pleaded guilty in state court to several crimes. He was subsequently sentenced to one to ten years in prison, with a recommendation that he serve his sentence at a work camp. Bain claims that work camp participants are eligible to earn good time credits "on a day for day basis. This means that an inmate who successfully participates in the program will have his term of imprisonment cut in half pursuant to 28 V.S.A. § 811(d)." (Paper 22 at 3). Bain's minimum sentence expired on May 9, 1999, and his maximum is set to expire on December 1, 2006.

On September 1, 1998, Bain reported to a facility in Woodstock to begin serving his sentence.  On September 10, 1998, he was transported to the Caledonia work camp.  On September 18, 1998, he was removed from the work camp because of a pre-existing back condition.  Bain filed a grievance dated September 25, 1998, protesting his removal from the work camp.  On October 8, 1998, he received a response in which the investigating officer summarized the facts as follows:

> Mr. Bain has had multiple surgeries to his back 1986-1990 which has apparently left him in severe pain – Has been on heavy medication since 1986.  [A physician] evaluated Mr. Bain, spoke to his outside physician and the recommendation was that he could go to the work camp if he could have a "sit down job." . . .  Nothing which would further impair Mr. Bain.  We are told by the Superintendent of the work camp they have no such jobs . . . .

(Paper 22-5 at 1).  On the same grievance response, the Woodstock Superintendent wrote that "[w]e are still reviewing your situation.  There are limited numbers of 'sit-down' jobs and you may be fit for a waiting list for transfer back to the work camp.  Review your situation with your case worker."  Id.

Bain was returned to the work camp on October 21, 1998.  On December 2, 1998, he was again removed from the

3

work camp "for his own protection," and did not return thereafter. (Paper 22-6 at 1). He filed another grievance on December 8, 1998. In response to this second grievance, prison officials agreed to award him good time for the period of September 10, 1998 through December 2, 1998, based upon the fact that "[h]e did not leave the work camp through any fault of his own." Id. at 2. The response discussed, but did not resolve, the question of whether good time should be awarded after December 2, 1998.

   Bain claims that his removal from the work camp violated the American with Disabilities Act. He also complains that if he been awarded the good time promised by prison officials, his maximum term of confinement would have expired on September 22, 2006. (Paper 22 at 4). Had he been allowed to serve his entire first prison term at the work camp, his maximum term would have allegedly expired on July 1, 2005.

   Bain was released on furlough on April 10, 1999. On May 22, 2003, he was arrested for violation of his parole. He went to trial in 2006, was found guilty, and was sentenced to five to ten years with credit for time

served.  (Paper 22 at 2).  Bain contends that this conviction was wrongfully obtained.  He also claims that, with his time served, he has already served 40 months on his latest conviction.  When combined with the 20 months of good time he is allegedly owed due the denial of work camp credits on his prior sentence, Bain reasons that his time of service already equals 60 months, or five years.  Because his new sentence carries a minimum of five years, Bain argues that he is entitled to immediate release.

Procedural History

On July 29, 2004, Bain filed a complaint for writ of habeas corpus in Windsor County Superior Court.  The complaint asserted substantially the same claims being raised here.  Bain based his arguments in large part upon Section 2(a) of Act 63, "An Act Relating to Corrections," which provided, in part, that inmates must be awarded "all reductions in the minimum and maximum terms to which that inmate is entitled as of the end of the day on June 30, 2005, consistent with those provisions of 28 V.S.A. § 811 that were in force when the inmate's crime was committed."  (Paper 15-5 at 2).

On August 25, 2005, the state court dismissed Bain's

complaint. In a written opinion, Judge DiMauro found that

> petitioner interprets the "is entitled" language [of Act 63, Section 2(a)] to mean all credit he could have potentially earned in the past. Such an interpretation would mean that the Legislature intended an inmate to receive any credit that he did not earn in the past or was denied in the past.
>
> There is nothing in Section 2(a) that would alter reduction of term awards previously made by the Department of Corrections. If the language was interpreted as suggested by Petitioner, it would have the effect of requiring the Department to reverse prior decisions, some made years ago, and award credit that had been denied or that had not been earned.

The court further determined that if an inmate was unhappy with a Department of Corrections decision, he could exhaust his administrative remedies and ultimately proceed in state court "in a timely manner."

> Petitioner here is, in effect questioning prior decisions made by the Department, as long ago as seven years, on the basis of the enactment of Section 2(a) and under the guise of a request for habeas corpus relief. It is clear from the plain language of the statute, that the Legislature did not intend section (a) to be read as awarding inmates all credit that they could have been entitled to prior to the statute being enacted.

In reaching this conclusion, the state court also relied upon the statement of legislative intent, which made

clear that the legislation was not intended to alter determinations made by the Department of Corrections prior to July 1, 2005.  Consequently, Judge DiMauro decided held that Bain was not entitled "to reductions in term that were not awarded in the past."  Id. at 3.

Bain appealed the lower court's ruling to the Vermont Supreme Court, which dismissed his appeal as untimely.  Bain filed another complaint in Windsor Superior Court on October 19, 2005, again seeking a writ of habeas corpus on the ground that he was entitled good time credits.  The court dismissed the complaint on grounds of *res judicata.*  (Paper 15-11).  It is not clear whether this decision was appealed.

## Discussion

I. Respondent's Motion to Dismiss

"Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks the very duration of . . . physical confinement, and thus lies at the core of habeas corpus."  Wilkinson v. Dotson, 544 U.S. 74, 79 (2005).  Furthermore, it has been held that when a claim under the Americans with Disabilities Act challenges the

duration of confinement, a prisoner's sole remedy is a writ of habeas corpus.  See Bogovich v. Sandoval, 189 F.3d 999 (9th Cir. 1999).  Here, Bain is challenging the computation of good time, and claims that he was denied an opportunity to earn good time in violation of his rights under the ADA.  The Court should, therefore, accept his filing as a habeas corpus petition.

The respondent argues that because the state courts have already reviewed Bain's claim and issued a decision on the merits, his petition is barred by *res judicata*. The writ of habeas corpus, however, is "a major exception to the doctrine of *res judicata*, as it allows relitigation of a final state-court judgment disposing of precisely the same claims." Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 512 (1982). Indeed, § 2254 requires that state court remedies be exhausted.  28 U.S.C. § 2254.  Limited review is then permitted if the state court determination(s) resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . ." or "a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  Id.

In his motion, the respondent cites *res judicata* precedent generally, but does not point the Court to any decisions applying that doctrine in the habeas corpus context.  *Res judicata* is the only argument raised in the motion to dismiss.  Because *res judicata* does not apply to a § 2254 petition, I recommend that the motion to dismiss (Paper 15) be DENIED.

II. Motion to Amend Petition

Bain has filed two motions to amend his petition (Papers 19 and 22).  In his initial petition (Papers 4 and 6), Bain asserted his claim to good time credits and also challenged the legality of his arrest and detention in 2003.  In his most recent motion to amend (Paper 22), he appears to limit his claim to the good time issue. Although he makes brief reference in the amended petition to his recent conviction being "illegal" (Paper 22 at 4), Bain asserts no specific facts in support of his claim.

Motions for leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The respondent has opposed amendment, again arguing that Bain's claims are barred by *res judicata*.  (Paper 20).

Assuming that the Court rejects this argument, the most recent motion to amend (Paper 22) is GRANTED, and the prior motion to amend (Paper 19) is DENIED as moot. The Court will address the issues in the amended petition only to the extent that they have been raised and are supported by relevant facts.[1]

III.  Motion for Discovery

Bains has also moved for discovery, claiming that he needs discovery in order to establish that the state court judges were biased. Judicial bias is not one of the bases for relief asserted in his amended petition. Moreover, as the Court has explained previously, Bain is not entitled to discovery as a matter of course, and bears a heavy burden in establishing a right to discovery. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). A court may permit habeas petitioners to engage in discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a) of

---

[1] Bain should be aware that he may only have one opportunity to challenge his 2006 conviction and sentence, and that he must exhaust his state court remedies before bringing a claim in federal court. See 28 U.S.C. §§ 2244, 2254. The Court expresses no opinion as to whether a current challenge to the execution of his 2006 sentence will bar any future petition as "second or successive." 28 U.S.C. § 2244.

10

the Rules Governing § 2254 Cases.  "Good cause" requires a showing of specific factual allegations which demonstrate that, if fully developed, the petitioner is entitled to habeas relief.  See Bracy, 520 U.S. at 908-09.

Bain's claims are primarily legal, with the issues being (1) whether the state violated his rights under the ADA and (2) whether the state violated Vermont law in its alleged failure to award him good time.  Bain has not demonstrated that discovery pertaining to judicial bias will result in the development of facts entitling him to relief on either of these claims.  See Bracy, 520 U.S. at 908-09.  Furthermore, it is difficult for the Court to evaluate the merits of Bain's claims, and the need for discovery, without a substantive response from the respondent.  The motion for discovery (Paper 16) is, therefore DENIED.

IV.   Motion for Appointment of Counsel

Finally, Bain has filed a motion for appointment of counsel.  (Paper 14).  There is no constitutional right to counsel in a habeas corpus proceeding.  Rather, the appointment of counsel in such proceedings is a matter of

discretion.  Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v. United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986).  Bain's application should thus be analyzed in the same manner as any other application for counsel in a civil case.

If a party cannot afford an attorney, there are several factors to be considered when deciding whether to appoint one.  See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)).  The threshold consideration is whether the party's position seems likely to be of substance.  Once satisfied of the substantive merit of the case, the Court should assess: 1) the party's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; 3) the party's ability to present the case; 4) the complexity of the legal issues; and 5) any other special reason in the case why appointment of counsel would be more likely to lead to a just determination.  Id.

12

Here, it is not clear that Bain's claims have substantive merit. In light of the state courts' determinations, overcoming § 2254's deferential standard will be a significant challenge. Furthermore, the questions presented by the amended petition appear to be primarily legal ones, thus minimizing the need for factual investigation or cross-examination. Given these considerations, it is not apparent why appointment of counsel would be more likely to lead to a just determination. Bain's motion for appointment of counsel (Paper 14) is DENIED.

## Conclusion

For the reasons set forth above, I recommend that the respondent's motion to dismiss (Paper 15) be DENIED. Bain's motion to amend his petition (Paper 22) is GRANTED, and his remaining motions (Papers 14, 16 and 19) are DENIED.

Dated at Burlington, in the District of Vermont, this 26th day of October, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).